IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| SHAILA C. HOSSAIN, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | EP-15-CV-83-KC |
| | § | |
| JOHN M. McHUGH, | § | |
| SECRETARY OF THE ARMY, | § | |
|     Defendant. | § | |

**<u>DEFENDANT'S UNOPPOSED MOTION TO STAY</u>**

## **STATEMENT OF ISSUES**

1. Whether this case should be stayed until the Court has had an opportunity to consider Defendant's Motion to Dismiss and Plaintiff's response thereto.

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

COMES NOW Defendant, JOHN McHUGH, and files this Unopposed Motion to Stay. Good cause exists for granting this motion because Defendant's Motion to Dismiss raises threshold issues which, if granted, would result in the disposition of this case in its entirety. In support of this Unopposed Motion to Stay, Defendant shows as follows:

## I. PROCEDURAL HISTORY

Plaintiff's lawsuit arises from her employment as a Resident Intern in the William Beaumont Army Medical Center (WBAMC), Internal Medicine Residency Program. Plaintiff asserted claims against Defendant pursuant to Title VII of the 1964 Civil Rights Act ("Title VII") and Title I of the Civil Rights Act of 1991 as well as claims for "common law fraud."

Defendant filed a Motion to Dismiss asserting that Ms. Hossain's Complaint was subject to dismissal because: 1) she failed to exhaust her administrative remedies; 2) failed to state a claim for relief under Rule 12(b)(6); and 3) her common law fraud claim was preempted by the Civil Service Reform Act of 1978 ("CSRA") and/or the applicable federal discrimination law.

In her response, Plaintiff conceded that her claim for common law fraud was subject to dismissal, but asserted that she properly exhausted her administrative remedies and further that she properly pled a claim for relief. Alternatively, Plaintiff sought leave to amend her complaint.

## II. ARGUMENT AND AUTHORITIES

The control of discovery "is committed to the sound discretion of the trial court and its discovery rulings will be reversed only where they are arbitrary or clearly unreasonable." *Mayo v. Tri-Bell Indus., Inc.*, 787 F.2d 1007, 1012 (5th Cir. 1986); *see also Angus Chemical Co. v. Glendora Plantation, Inc.*, No. 14-30416, 2015 WL 1344545, at *3 (5th Cir. Mar. 24, 2015) (discovery rulings reversed only where they are arbitrary or clearly unreasonable).

1

Pursuant to Rule 26, the Court in its discretion may stay discovery "for good cause shown." *See* FED. R. CIV. P. 26(c)(1); *Escareno v. Lundbeck, LLC*, No. 3:14-cv-257-B, 2014 U.S. Dist. LEXIS 66824, at *3 (N.D. Tex. May 15, 2014) ("The Court does have discretion to stay discovery 'for good cause shown.'"). Rule 26(c)(1) specifically provides: "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

A ruling on a motion to stay is a matter of judgment which is reviewed under the abuse of discretion standard. *Carder v. Continental Airlines, Inc.*, 595 F. App'x 293, 300 (5th Cir. 2014). It is not an abuse of discretion to grant a motion to stay discovery pending a dispositive motion presenting a question of law, where discovery would not be useful to the resolution of the pending motion. *Sapp v. Memorial Hermann Healthcare Sys.*, 406 F. App'x 866, 870 (5th Cir. 2010). "[It is] wasteful to allow discovery on all issues raised in a broad complaint when, for example, the case will not reach a determination on those merits." *Id*., citing *Corwin v. Marney, Orton Invs*., 843 F.2d 194, 200 (5th Cir. 1988).

Since the jurisdiction of the court to hear a case may depend upon the decision which it ultimately reaches on the merits, it is necessary that the Plaintiff set out in her complaint the statutory limitation on which she relies. *Larson v. Domestic & Foreign Commerce Corp*., 337 U.S. 682, 690 (1949). "A party bringing a cause of action against the federal government bears the burden of showing an unequivocal waiver of immunity." *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987), *citing Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983).

Plaintiff asserts a cause of action pursuant to Title VII and Title I of the Civil Rights Act of 1991. Defendant has argued that this claim is subject to dismissal because Plaintiff failed to exhaust her administrative remedies. While there is a split in the 5th Circuit whether this failure

to exhaust is merely a prerequisite to suit or whether it implicates the subject matter jurisdiction of the Court (s*ee Pacheco v. Mineta*, 448 F.3d 783, 788 n.7 (5th Cir. 2006)), Plaintiff's claim is nonetheless subject to dismissal on this basis.[1]

Plaintiff further asserted a claim for "common law fraud" the dismissal of which Plaintiff does not oppose. [ECF No. 10 at 6]. Plaintiff, however, did not withdraw this claim for relief and therefore it is still pending before the Court. Defendant argued that this claim is subject to dismissal because it is preempted by federal law and because the claim is barred by the doctrine of sovereign immunity. "Governmental immunity is a threshold question which acts as a bar to a court's right to adjudicate the claim. It is a defense to the burdens of litigation, not just the burdens of liability." *Sutton v. United States*, 819 F.2d 1289, 1299 (5th Cir. 1987). "Until this threshold immunity question is resolved, discovery should not be allowed." *Id.*, citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

In the case at bar, Defendant has raised several arguments, which if granted will result in the dismissal of this case in its entirety. The parties have fully briefed these arguments and resolution of these defenses does not depend on further discovery. Additionally, some of these defenses implicate the jurisdiction of this Court. Defendant therefore requests that this Motion to Stay be granted in its entirety and that the deadlines issued in this case, or the deadlines to be issued in this case, be stayed until such time as the Court has had an opportunity to consider the defenses raised by Defendant and Plaintiff's responses thereto.

### III.   CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant prays that his Motion to Stay be in all things granted, that the deadlines in this cause of action be stayed until this Court has had

---

[1] Defendant also argued that this claim was subject to dismiss for failure to state a claim.

an opportunity to consider and rule on the Defendant's Motion to Dismiss, and for any further relief to which he may be justly entitled.

    Respectfully submitted,

    **RICHARD L. DURBIN, JR.**
    UNITED STATES ATTORNEY

    /s/ Eduardo R. Castillo
    **EDUARDO R. CASTILLO**
    Assistant United States Attorney
    Texas State Bar No. 03984803
    700 E. San Antonio, Ste. 200
    El Paso, Texas 79901
    Office:  (915) 534-6884
    Facsimile:  (915) 534-3490
    Email:  eddie.castillo@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of July, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:  Jessica Perez Gomez., *Attorney for Plaintiff*.

    /s/ Eduardo R. Castillo
    **EDUARDO R CASTILLO**
    Assistant United States Attorney

## CERTIFICATE OF CONFERENCE

Counsel for the United States hereby certifies that he has in good-faith conferred with counsel for Plaintiff.  Plaintiff is not opposed to this motion.

    /s/ Eduardo R. Castillo
    **EDUARDO R CASTILLO**
    Assistant United States Attorney

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| SHAILA C. HOSSAIN,              § | |
|     Plaintiff,              § | |
|                                                § | |
| v.                                          § | EP-15-CV-83-KC |
|                                                § | |
| JOHN M. McHUGH,              § | |
| SECRETARY OF THE ARMY,   § | |
|     Defendant.              § | |

## ORDER

CAME ON TO BE CONSIDERED, Defendant JOHN M. McHUGH's Unopposed Motion To Stay in the above-styled and numbered cause, and the Court having considered the Motion, is of the opinion that it should be **GRANTED.**

It is therefore ORDERED that Defendant JOHN M. McHUGH'S Motion To Stay shall be, and is hereby **GRANTED** in its entirety and that the deadlines in this cause of action be stayed until this Court has had an opportunity to consider and rule on the Defendant's Motion to Dismiss.

**SIGNED** and **ENTERED** this _____ day of _____, 2015.

_____
**KATHLEEN CARDONE**
UNITED STATES DISTRICT JUDGE